# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

ROBERTO DURAND,

                Petitioner,

v.

CLARK COUNTY DITRICT COURTS,

                Respondent.

Case No. 3:19-cv-00744-MMD-CLB

ORDER

Petitioner Roberto Durand, a Nevada state inmate, has submitted a pauper application without a habeas petition or other pleading. (ECF No. 1.)

    Review of the Court's records reflects the following.

    In Case No. 3:18-cv-00343-RCJ-VPC, Durand filed a habeas petition without either a pauper application or payment of the filing fee, naming only the State of Nevada and the state attorney general as respondents. The Court dismissed the improperly commenced action without prejudice.

    Shortly thereafter, a pauper application by Durand was docketed in Case No. 3: 18-cv-00372-HDM-WGC, without any accompanying pleading. The Court dismissed the action without prejudice. In the dismissal order, the Court summarized Durand's prior state court writ history. That history reflects that, absent other tolling or delayed accrual, the federal one-year limitation period would have putatively expired on or about December 12, 2013. The Court therefore expressly concluded that a dismissal without prejudice of the improperly commenced action would not materially impact application of the limitation period or otherwise cause substantial prejudice. The dismissal order further informed Durand "that he must submit a pauper application or pay the filing fee at the same time he files a petition, or the action may be considered improperly commenced." (Case No. 3: 18-

cv-00372-HDM-WGC, ECF No. 3 at 2.)

In the current action, filed more than a year after the two prior dismissals, Durand again submits a pauper application without an accompanying pleading. He attaches a copy of the dismissal order from Case No. 3:18-cv-00372. He states in a cover letter:

> Heres all Documents needed for my conviction (C-11-273021-1) stating here that I only need application so this is the 3 case and I do not have attorneys for anyone of the civil suits or now this (writ habeas corpus) as a civil suit also so please inform Hon. Judge I need attorneys to go over – case I'm sure I sent all Documents Please tell me if you see anything missing here I send original filed case so you know what they did  Do send me this Document. 3. Back to me why so long the wait for my Attorneys to be appointed as petitioner can talk to Hon. Judge?  Sure I sent all Documents – to be filed before. . . . .

(ECF No. 1-1.)

This action has been improperly commenced and therefore will be dismissed without prejudice. Following upon its review of Durand's prior state court writ history as summarized in Case No. 3:18-cv-00372, the Court finds that a dismissal without prejudice of this improperly commenced action would not materially impact an analysis of the application of the federal limitation period or otherwise cause substantial prejudice.

Durand should note the following.

First, all three of Durand's improperly commenced habeas actions, including now this one, have been dismissed.

Second, there has been no habeas action pending before this Court after the two prior actions were dismissed more than a year ago.

Third, after a federal case is dismissed, the papers in that case are not considered to be part of later cases that Durand files.

Fourth, in order to seek federal habeas relief, Durand must either pay the $5.00 filing fee or file a properly completed pauper application while—at the same time—he files a habeas petition, all in a new action under a new docket number.

Fifth, there has been no pending request before the Court for appointment of counsel, and the Court does not appoint counsel for an inmate to prepare a federal habeas

petition. Durand, again, must file a federal petition himself at the same time that he either files a pauper application or pays the filing fee, in a new action under a new docket number. The Court notes in this regard that Durand's filing of a petition in Case No. 3:18-cv-00343 confirms that Durand can at the very least file an initial *pro se* petition with the resources available to him without appointment of counsel. In short, the Court will not appoint counsel for Durand to prepare a federal petition. He must prepare an initial petition himself and file it in a new action under a new docket number along with either a new pauper application or payment of the filing fee.

Sixth, Durand must name his prison warden as a respondent in any habeas petition that he files while he is incarcerated that seeks release from state custody. Neither the State of Nevada nor the Clark County District Courts is a proper respondent. A habeas action filed against the wrong respondent potentially may be dismissed.

It is therefore ordered that this improperly commenced action is dismissed without prejudice and that a certificate of appealability is denied, as jurists of reason would not find this disposition to be debatable or incorrect on the record presented.

The Clerk of Court will send Petitioner two copies each of a noncapital habeas petition form and a pauper application form, along with a copy of the instructions for the forms.

The Clerk of Court will enter final judgment accordingly and close this case.

DATED THIS 18th day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE